IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DANNY WILLIAMS, | : |
| Plaintiff, | : |
| v. | : 1:02-CV-126 (WLS) |
| JIM WETHERINGTON, RALPH KEMP, LARRY EDWARDS, STEPHEN UPTON, DEWAYNE AYERS, | : |
| Defendants. | : |

## O R D E R

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge (Tab 128), filed August 2, 2005. Also, pending is an outstanding motion by Plaintiff objecting to certain evidence filed by Defendants in support of their motions for summary judgment.[1] (Tab 129). It is recommended that Defendants' motions for summary judgment (Tab 116, 120) be granted. The Plaintiff has filed a timely objection to the Recommendation.

In his Recommendation, the Magistrate Judge found Plaintiff had failed to fully exhaust his administrative remedies arising out of his Calhoun State Prison confinement and is thus barred under the PLRA, 42 U.S.C. § 1997e(a), from pursing a § 1983 action. The Magistrate Judge found that even if Plaintiff claims that he filed an emergency grievance, that under the rules of the Georgia Department of Corrections, the grievance procedure was on-going at the time of the filing of the instant complaint. Therefore, as a matter of law, Plaintiff failed to exhaust his administrative remedies. Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999).

In his objection, Plaintiff argues that the Magistrate Judge's reliance upon relevant portions of the Georgia Department of Corrections grievance procedure was erroneous as the policies were

---

[1]. In his motion objecting to the supplemental filing of certain documents filed by Defendants, Plaintiff fails to cite to a rule or case supporting his position. Further, assuming such a filing was a violation of a procedural rule, Plaintiff fails to show how he suffered any harm or prejudice. Therefore, Plaintiff's motion objecting to the filing of documents (Tab 129) is **DENIED.**

inadmissible.  Plaintiff has not cited to any rules of evidence or case that supports that relevant prison procedures are not admissible when determining whether the state or the prisoner complied with the regulation.  Plaintiff also argues, as he did in his response to the motions for summary judgment, that his grievance was an emergency grievance and the time for the prison officials to respond expired prior to any response to the grievance.  The Magistrate Judge has already correctly addressed this argument and shown that the prison policy governing grievances controls, not Plaintiff's determination of what that policy should mean. His remaining claims regarding the grievance procedure and the PLRA were raised and addressed previously and are without merit.  Therefore, Plaintiff's objections to the Recommendation as it pertains to the exhaustion requirement are overruled.

The remainder of his objection deals with the Magistrate Judge's finding that Plaintiff's claim of retaliatory transfer remains against Wetherington and Kemp fails upon the merits.  The Magistrate Judge found that Plaintiff failed to establish a *prima facie* case of retaliation.  The Magistrate Judge found that evidence submitted by Plaintiff supported Defendants' assertion that Plaintiff was transferred for disciplinary concerns instead of engaging in protected conduct such as filing grievances and a lawsuit.  All the arguments raised in the portion of the objection were presented and considered by the Magistrate Judge.  The Court agrees with the Magistrate Judge's findings.  Therefore, Plaintiff's objection to the conclusion that Plaintiff failed to establish a *prima facie* case of retaliatory transfer is overruled.

Upon full review and consideration upon the record, the Court finds that said Recommendation (Tab 128) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein. Accordingly, Defendants' motions for summary judgment  (Tabs 116, 120) are **GRANTED**.  The CLERK is ORDERED to enter judgment in favor of Defendants and against Plaintiff.

**SO ORDERED**,  this  19th  day of September, 2005.

                                            /s/W. Louis Sands
                                          **W. Louis Sands, Chief Judge**
                                          **United States District Court**